```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/2/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

- v. -

OCHIABUTOR SORENSON ORUCHE,

Defendant.

20-cr-657 (MKV)

**OPINION AND ORDER
DENYING MOTION FOR
COMPASSIONATE RELEASE**

MARY KAY VYSKOCIL, United States District Judge:

Defendant Ochiabutor Sorenson Oruche moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). *See* Letter Motion [ECF No. 62] ("Def. Mem."). The Government opposes the motion. *See* Letter Response [ECF No. 65] ("Response"). For the following reasons, the motion is DENIED.

## BACKGROUND

Oruche pled guilty to conspiring to distribute and possess with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). Plea Transcript 46:12–18 [ECF No. 40] ("Plea Transcript"). Specifically, Oruche admitted that he drove from Texas to Manhattan in June of 2020—*the height* of the COVID-19 pandemic—to pick up what he believed were ten kilograms of heroin. Plea Transcript 43:8–25.

On August 24, 2021, Defendant was sentenced to a below-Guidelines term of 90 months' imprisonment. *See* Sentencing Transcript 39:9–13 [ECF No. 60-2] ("Sent. Transcript").[1] At sentencing, the Court heavily weighed the seriousness of Oruche's offense and his five prior criminal convictions, including a prior conviction for distributing a large quantity of heroin. *See*

---

[1] The applicable Guidelines range was 121 to 151 months. *See* Judgment in a Criminal Case [ECF No. 51]; *see also* Sent. Transcript 34:7–9; Final Presentence Investigation Report 15 [ECF No. 42]; Government Sentencing Submission 3 [ECF No. 48]; Oruche Sentencing Submission 2 [ECF No. 52] ("Def. Sent. Mem."); Plea Agreement 3 [ECF No. 67-1].

1

Sent. Transcript 35:7–17.  In evaluating the 18 U.S.C. § 3553(a) sentencing factors and varying from the Guidelines range, the Court also weighed the fact that Oruche was a non-violent offender and that he had serious health issues.  Sent. Transcript 36:3–18.

Defendant is incarcerated at USP Lompoc in Central California and has a projected release date of January 22, 2028.  *See* Inmate Locator, Fed. Bureau Prisons, https://www.bop.gov/inmateloc/ (last accessed May 2, 2023).[2]

## LEGAL STANDARD

The Court may reduce Oruche's sentence if "extraordinary and compelling reasons warrant such a reduction."  18 U.S.C. § 3582(c)(1)(A)(i).[3]  District courts are entitled to "independently . . . determine what reasons . . . are 'extraordinary and compelling,'" and are "free[] . . . to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release."  *United States v. Brooker*, 976 F.3d 228, 234, 237 (2d Cir. 2020).  If Oruche demonstrates an extraordinary and compelling reason, the Court must still ensure that release is consistent with the § 3553(a) factors.  § 3582(c)(1)(A).

Oruche bears the burden of proving that he is entitled to compassionate release.  *See United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks decreased punishment, he . . . has the burden of showing that the circumstances warrant that decrease."); *United States v. Kornegay*, No. 13-CR-428 (PAE), 2023 WL 2754264, at *4 (S.D.N.Y. Apr. 3, 2023) ("The defendant bears the burden of proving he is entitled to compassionate release.").

---

[2] Oruche has also raised a motion to vacate his sentence under 28 U.S.C. § 2255.  *See* Motion to Vacate [ECF No. 56]. That motion is *sub judice*.

[3] A court may provide relief under this section only "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  *Id.* § 3582(c)(1)(A).  The Government concedes that Oruche "has satisfied the exhaustion requirement."  Response 4.

## ANALYSIS

Defendant's three-page motion—which is entirely devoid of legal authority—is denied because Oruche fails to present an extraordinary and compelling reason to re-examine the below-Guidelines sentence imposed merely a year and a half ago.

Oruche, who is 57 years old, contends that his physical impairments justify his release. Def. Mem. ¶ 2. Specifically, Oruche has a bullet fragment lodged in his neck, which causes Oruche "pain all day, every day" and makes it difficult for him to walk. Def. Mem. ¶ 2. However, Defendant raised virtually identical arguments in his sentencing submission, *see* Def. Sent. Mem. 2, and, indeed, the Court explicitly took Defendant's health conditions into account when sentencing Oruche to a *below*-Guidelines sentence. *See* Sent. Transcript 36:14–18, 38:5–7. Moreover, there is no indication that these conditions have worsened since sentencing. Although Oruche contends that he is "in need of continuous physical therapy which he cannot get in prison," that contention is unsupported. Def. Mem. ¶ 2. In any event, Oruche does not demonstrate that his impairments are "life-ending or debilitating illness[es] with a predictable, dire short-term prognosis warranting early release." *United States v. Pena*, No. 90-CR-553 (KMW), 2023 WL 2734327, at *3 (S.D.N.Y. Mar. 31, 2023) (citation omitted). Finally, while Oruche contends that he is "in need of wrist surgery," Def. Mem. ¶ 2, he also acknowledges that he is "waiting for the doctor to finish reviewing [an] x-ray" of his wrist, Def. Mem. 4. It therefore appears that any wrist injury is being appropriately managed by the Bureau of Prisons.

Oruche next contends that "COVID-19 variants are still pervasive at Lompoc" and he is "at [an] increased risk should he become ill." Def. Mem. ¶ 3. This assertion is unpersuasive. As an initial matter, there are zero active COVID-19 cases at USP Lompoc as of the date of this Order. *See* BOP COVID-19 Statistics, Fed. Bureau Prisons,

3

https://www.bop.gov/coronavirus/covid19_statistics.html (last visited May 2, 2023). But even assuming COVID-19 *were* pervasive at USP Lompoc, "[c]ourts in this Circuit have repeatedly held that a Defendant's elevated risk of developing COVID-19 symptoms is insufficient to justify compassionate release." *United States v. Bradley*, No. 19-CR-632, 2023 WL 3004660, at *2 (S.D.N.Y. Apr. 19, 2023) (collecting cases). This is especially true where, as here, Oruche is fully vaccinated against COVID-19. Sent. Transcript 19:21–23; *see United States v. Perelda*, No. S1 17-CR-559 (VB), 2021 WL 2533475, at *2 (S.D.N.Y. June 21, 2021) (defendant's "full vaccination means his health conditions that might otherwise weigh in favor of reducing his sentence do not constitute extraordinary and compelling reasons warranting an early release"); *United States v. Hayward*, No. 19-CR-61 (PKC), 2021 WL 1820158, at *2 (S.D.N.Y. May 5, 2021) ("In light of [defendant's] vaccination status, his risk of being infected with Covid-19 and suffering serious complications is significantly diminished."). In any event, the Court is unmoved by Oruche's purported "fear[] for his medical safety," Def. Mem. ¶ 3, given that his underlying criminal conduct involved driving across the country to transport drugs during *the height* of the COVID-19 pandemic. For these reasons, Oruche fails to provide an extraordinary and compelling reason counseling in favor of his early release.

Even if Oruche had demonstrated an extraordinary and compelling reason, he cannot demonstrate that the § 3553(a) factors weigh in favor of compassionate release—in fact, his motion does not even address the relevant considerations. The nature, circumstances, and seriousness of Oruche's offense indicates that his *below*-Guidelines sentence remains sufficient but not greater than necessary. Oruche trafficked a large quantity of dangerous drugs and has five serious prior convictions. The 90-month sentence appropriately reflects the gravity of his offense, his prior criminal history, and the need for specific and general deterrence. Moreover, Oruche has only

served 18 months—*less than a quarter*—of his 90-month sentence. This fact counsels heavily against any reduction in sentence. *See United States v. Seshan*, No. 14-CR-620 (JFK), 2020 WL 2215458, at *4 (S.D.N.Y. May 6, 2020), *aff'd*, 850 F. App'x 800 (2d Cir. 2021) ("[C]onverting [the defendant's] 10-year term of incarceration to one of home confinement, when he has served less than six years of that sentence, would disserve . . . important sentencing factors.").

## CONCLUSION

Because Defendant has not demonstrated "extraordinary and compelling" reasons to reduce his sentence, the motion for compassionate release is DENIED. The Clerk of Court is respectfully requested to terminate docket entry 62.

**SO ORDERED.**

**Date: May 2, 2023**
**New York, NY**

*[signature: Mary Kay Vyskocil]*

**MARY KAY VYSKOCIL**
**United States District Judge**