USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/7/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OCHIABUTOR SORENSON ORUCHE,

               Petitioner,

               -against-

UNITED STATES OF AMERICA,

               Respondent.

1:20-CR-00657 (MKV)

1:22-CV-06725 (MKV)

**OPINION AND ORDER
DENYING HABEAS RELIEF**

MARY KAY VYSKOCIL, United States District Judge:

Ochiabutor Sorenson Oruche ("Petitioner") petitions this Court to vacate his conviction pursuant to 28 U.S.C. § 2255 alleging that he received ineffective assistance of trial counsel in connection with his guilty plea. Specifically, Petitioner contends that his counsel advised him to plead guilty on the false promise that the Government would file a Section 5K1.1 letter or a motion under Rule 35 of the Federal Rules of Criminal Procedure because of his attempted cooperation with law enforcement. Petitioner also contends that he was exposed to a longer sentence by being compelled by his counsel to admit to purchasing ten kilograms of heroin even though he allegedly insisted that he had purchased only five kilograms. For the reasons explained herein, the Petition is DENIED.

## BACKGROUND

On July 13, 2020, Petitioner was charged by complaint with one count of conspiracy to possess and distribute narcotics in violation of 21 U.S.C. § 846. Criminal Complaint ("Compl.") ¶¶ 1–3, *United States v. Oruche* (*Oruche I*), No. 1:20-cr-00657-MKV, ECF No. 1. The Government alleged that Petitioner conspired to distribute and possess with intent to distribute one kilogram and more of mixtures and substances containing a detectable amount of heroin, in violation of 21 U.S.C. § 841(b)(1)(A). Compl. ¶ 3. On April 15, 2021, Petitioner pled guilty,

pursuant to an agreement with the Government [ECF No. 5-1 ("Plea Agreement")] to the lesser

included offense of conspiring to distribute and possess with intent to distribute 100 grams and

more of mixtures and substances containing a detectable amount of heroin, in violation of 21

U.S.C. §§ 846 and 841(b)(1)(B).  *See* Plea Transcript ("Plea Tr.") 46:12–18, *Oruche I*, ECF No.

40.  During the plea proceedings, Petitioner allocuted to driving from Texas to Manhattan in June

of 2020 to pick up what he believed was ten kilograms of heroin.  Plea Tr. 39:1–41:19.

On August 24, 2021, the Court sentenced Petitioner to a below-Guidelines[1] term of 90

months' imprisonment.  *See* Sentencing Transcript ("Sent. Tr.") 41:7–10, *Oruche I*, ECF No. 60-

2; Judgment ("J.") 2, *Oruche I*, ECF No. 51.  During his sentencing, Petitioner confirmed that he

had read and discussed the entirety of the Presentence Report, *Oruche I*, ECF No. 42 ("PSR"),

with his attorney and lodged no objections to the facts contained therein, including that he had

transported ten kilograms of heroin, or to the Report's Sentencing Guidelines calculation based on

that drug quantity.  Sent. Tr. 13:24–15:11; PSR ¶¶ 5, 11–13, 17–39, 70.  At sentencing, the Court

heavily weighed the seriousness of Petitioner's offense and his five prior criminal convictions,

including a prior conviction for distributing a large quantity of heroin.  *See* Sent. Tr. 35:7–17.

However, in evaluating the sentencing factors under 18 U.S.C. § 3553(a) and varying from the

Guidelines range, the Court also considered that Petitioner's offense did not involve violence, that

he had serious health issues, and that he had attempted to cooperate with law enforcement after his

arrest, although that cooperation did not amount to substantial assistance warranting a Section

5K1.1 letter in the Government's discretion.  Sent. Tr. 36:3–18, 37:4–17.  Judgment was entered

and Petitioner is currently serving his sentence.  *See* J.

---

[1] The applicable Guidelines range was 121 to 151 months' imprisonment.  *See* Sent. Tr. 34:7–9.

Petitioner has now moved to vacate the judgment pursuant to 28 U.S.C. § 2255 on the grounds that he received ineffective assistance of counsel. [ECF No. 1 ("Petition")]. With leave of Court, Petitioner filed a supplemental memorandum of law in further support of his Petition. *Oruche I*, ECF No. 60 ("Suppl. Mem."). The Court ordered Petitioner's counsel, Gerald Di Chiara, to provide sworn testimony responding to Petitioner's allegations of ineffective assistance of counsel. [ECF No. 4]. Mr. Di Chiara filed an affidavit addressing the allegations. *Oruche I*, ECF No. 66 ("Di Chiara Aff."). The Government opposed the Petition. [ECF No. 5]. Although the Court permitted Petitioner to file a reply brief, Petitioner did not do so. *See Oruche I*, ECF No. 59.

## LEGAL STANDARD

### I.   Habeas Relief

A person in federal custody may move to vacate, set aside, or correct his sentence if it was "imposed in violation of the Constitution or laws of the United States, or if the court was without jurisdiction to impose such a sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Collateral relief under Section 2255 is only available on the grounds of a "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Hoskins*, 905 F.3d 97, 102 (2d Cir. 2018) (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)). Moreover, "the petitioner generally bears the burden of proof throughout the habeas proceeding." *Pinkney v. Keane*, 920 F.2d 1090, 1094 (2d Cir. 1990). Ultimately, "issuance of the writ is an extraordinary remedy granted only in the exercise of a sound judicial discretion." *Id.* (citation and internal quotation marks omitted) (quoting *Goto v. Lane*, 265 U.S. 393, 401 (1924)).

## II.    Ineffective Assistance of Counsel

### A.  Standard

Under the Sixth Amendment, "the accused shall . . . have the [a]ssistance of [c]ounsel for his defen[s]e." U.S. Const. amend. VI.  "A defendant in criminal proceedings has a right under the Sixth Amendment to effective assistance from his attorney at all critical stages in the proceedings, which include entry of a plea of guilty." *Gonzalez v. United States*, 722 F.3d 118, 130 (2d Cir. 2014) (collecting cases).  To fulfill his professional duties, "defense counsel 'must give the client the benefit of counsel's professional advice on this crucial decision' of whether to plead guilty." *Purdy v. United States*, 208 F.3d 41, 44 (2d Cir. 2000) (quoting *Boria v. Keane*, 99 F.3d 492, 497 (2d Cir. 1996)).  When providing professional advice on whether or not to plead guilty, counsel "may take into account, among other factors, the defendant's chances of prevailing at trial, the likely disparity in sentencing after a full trial as compared to a guilty plea (whether or not accompanied by an agreement with the government), whether the defendant has maintained his innocence, and the defendant's comprehension of the various factors that will inform his plea decision." *Id.* at 45.

To establish a claim of ineffective assistance of counsel, a Section 2255 petitioner must prove the two elements articulated in *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  First, a successful ineffective assistance claim requires a showing that counsel's performance "fell below an objective standard of reasonableness." *Id.* at 688; *United States v. Ortiz*, 100 F.4th 112, 118 (2d Cir. 2024).  Second, the petitioner must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694; *Ortiz*, 100 F.4th at 118.

To show that counsel's performance "fell below an objective standard of reasonableness" sufficient to meet the first prong of *Strickland*, a petitioner must establish that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed" by the Sixth Amendment. *Strickland*, 466 U.S. at 687–88. To do so, the petitioner bears the burden of proving "that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986). Since "[t]here are countless ways to provide effective assistance in any given case [and] [e]ven the best criminal defense attorneys would not defend a particular client in the same way," *Strickland*, 466 U.S. at 689, "reasonable, but unsuccessful, strategic choices cannot provide the basis of a claim for ineffective assistance of counsel." *Speringo v. McLaughlin*, 202 F. Supp. 2d 178, 191 (S.D.N.Y. 2002); *see United States v. Aguirre*, 912 F. 2d 555, 560 (2d Cir. 1990).

To meet the second prong of *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. As to a claim of ineffective counsel in connection with a guilty plea, the second prong of *Strickland* requires a showing that "but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

"[I]t is not necessary for 'a court deciding an ineffective assistance claim' to 'address both components of the [*Strickland*] inquiry if the defendant makes an insufficient showing on one.'" *Ortiz*, 100 F.4th at 118 (quoting *Strickland*, 466 U.S. at 697); *see Khan v. United States*, No. 07 CR. 711 LAP, 2014 WL 2111677 at *10 (S.D.N.Y. April 28, 2014) ("The Court may reject a petitioner's claim if it fails to satisfy either prong.").

B.  Hearing

A district court considering a Section 2255 motion must hold a hearing "[u]nless the motion

and the files and records of the case conclusively show that the prisoner is entitled to no relief."

28 U.S.C. § 2255(b).  A hearing is warranted if the motion sets forth "specific facts supported by

competent evidence, raising detailed and controverted issues of fact that, if proved at a hearing,

would entitle [the defendant] to relief."  *Gonzalez*, 722 F.3d at 131.  "The procedure for

determining whether a hearing is necessary is in part analogous to . . . a summary judgment

proceeding. . . .  If material facts are in dispute, a hearing should usually be held, and relevant

findings of facts made."  *Puglisi v. United States*, 586 F.3d 209, 213 (2d Cir. 2009).  However, the

Court need not credit factual assertions contradicted by evidence in the record of the underlying

proceeding.  *Id.* at 213–14.  Moreover, a hearing is not necessary "where the allegations are vague,

conclusory, or palpably incredible."  *Gonzalez*, 722 F. 3d at 130 (internal quotation marks omitted).

Courts routinely rule on *habeas* petitions without a hearing where charges of ineffective assistance

of counsel are unsupported or contradicted by the petitioner's prior sworn statements.  *See Khan*,

2014 WL 2111677 at *5, *10*; see also Collado v. United* States, No. 14-CR-00731-LTS, 2021 WL

1893323, at *6 (S.D.N.Y. May 10, 2021); *Maldonado v. United States*, No. 00 CR. 756 (NRB),

2004 WL 360442, at *3 (S.D.N.Y. February 25, 2004).

## DISCUSSION

### I.  No Hearing is Required in this Case

Based on a careful review of the record, the Court finds that a hearing is not necessary in

this case.  For the reasons that follow, the Court finds Petitioner's claims to be incredible and

unsubstantiated.  The Court presided over Petitioner's criminal case and is well-versed in the facts.

*See Oruche I.*  The record—consisting of the Plea Agreement, the PSR, the parties' sentencing

submissions, the plea and sentencing transcripts, the parties' briefing on the Petition, and Mr. Di

Chiara's sworn affidavit—does not raise any credibly disputed issues of fact and is sufficient to

dispose of Petitioner's claims.  The Petition, although sworn, is unsubstantiated by any specific

facts to overcome the presumption of verity of Petitioner's previous sworn statements and Mr. Di

Chiara's more detailed affidavit contradicting Petitioner's allegations.  *See Chang v. United States*,

250 F.3d 80–82, 85–86 (2d Cir. 2001) (where *habeas* record included a "detailed affidavit" from

trial counsel that contradicted petitioner's "improbable" version of interactions with counsel,

district court was justified in dismissing petition without live testimony).  *Compare Tapia v. United

States*, No. 17-CR-512 (KMW), 2024 WL 3219869, at *3 (S.D.N.Y. June 27, 2024) (finding the

record sufficient without an evidentiary hearing), *with Celaj v. United States*, 516 F. Supp. 3d 351,

363–64 (S.D.N.Y. 2021) (holding that defendant's sworn statement, which included a detailed

account of his conversations with his attorney, was sufficiently credible to warrant hearing on

claim that ineffective assistance led to rejection of plea offer).

## II.     Petitioner's Claims of Ineffective Assistance of Counsel Contradict His Sworn Statements

Petitioner's claims of ineffective assistance of counsel fail at the threshold for the

independently sufficient reason that they directly contradict his sworn statements at his plea

hearing.  The Court may reject allegations of ineffective counsel that directly contradict a

petitioner's sworn statements.  *United States v. Gonzalez*, 970 F.2d 1095, 1100–01 (2d. Cir. 1992)

(finding that "the District Court could properly reject [petitioner's] unsupported allegations that

his plea was the result of reliance on his attorney's incorrect characterization of the agreement and

transmittal of an alleged promise made by the prosecutor [because] . . . these unsupported

allegations . . . merely contradicted [petitioner's] earlier statements made under oath at his plea

allocution" (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977) and *United States v. Bambulas*,

571 F.2d 525, 526 (10th Cir. 1978))); *see also Khan*, 2014 WL 2111677, at \*10 (rejecting, without

a hearing, petitioner's "bald accusations of ineffective assistance of counsel that directly contradict

[p]etitioner's sworn statements at the plea hearing" prior to conducting *Strickland* analysis).

Further, "open court declarations 'carry a strong presumption of verity.'" *Lynch v. United States*,

309 F. App'x 487, 489 (2d Cir. 2009) (quoting *United States v. Maher*, 108 F.3d 1513, 1530 (2d

Cir. 1997)).

Petitioner's first claim, that Mr. Di Chiara provided ineffective assistance of counsel by

falsely promising him that if the Government did not file a Section 5K1.1 letter at the time of

sentencing, the Government would file a Rule 35 motion on Petitioner's behalf seeking a reduced

sentence in recognition of his attempted cooperation, contradicts the record and Petitioner's sworn

statements made in open court.  *See* Suppl. Mem. 1.  The Plea Agreement did not contain any

promise or suggestion that the Government would file a Rule 35 motion, nor could it have, as Rule

35 concerns a defendant's *post*-sentencing cooperation.  *See* Fed. R. Crim. P. 35(b)(1) ("Upon the

government's motion . . . the court may reduce a sentence if the defendant, after sentencing,

provided substantial assistance in investigating or prosecuting another person.").  During his plea

hearing, Petitioner stated that he was not given any promises, apart from what was contained in

his Plea Agreement, in order to get him to plead guilty.  Plea Tr. 37:9–12.  Petitioner swore under

oath that everything about his agreement with the Government was covered in the written Plea

Agreement.  Plea Tr. 36:18–25.  He further attested that nothing was left out of his Plea Agreement.

Plea Tr. 37:1–4.  As noted, the written Plea Agreement says nothing about Petitioner's cooperation

or the Government's commitment to file a 5K1.1 letter or to move under Rule 35, and includes an

integration clause which states that "[n]o additional understandings, promises, or conditions have

been entered into other than those set forth in this Agreement, and none will be entered into unless

in writing and signed by all parties." Plea Agreement 6. Petitioner also acknowledged before his plea was accepted that he would be bound by his guilty plea in the event that his sentence was different from what Mr. Di Chiara or anyone else had suggested his sentence would be. Plea Tr. 32:17–25.

At Petitioner's sentencing, the Government detailed Petitioner's prior attempts to assist law enforcement and specified that those attempts did not amount to the substantial assistance necessary to warrant a cooperation agreement or a Section 5K1.1 letter. The Government did not indicate any promise to later file a Rule 35 motion. Sent. Tr. 24:21–25:24 ("And so the government does recognize that all of this conduct, although not amounting to substantial assistance, and therefore not resulting in a cooperation agreement or a letter pursuant to Section 5K1.1 of the guidelines and 3553(e), is a mitigating factor."). Further, the Court took Petitioner's attempts at cooperation into account during sentencing, in which Petitioner received a below-Guidelines sentence. Sent. Tr. 37:4–17 ("Finally, I note the assistance that Mr. Oruche did provide and was willing to provide at the government's request . . . . I do, though, note that counterbalancing that is the fact that that cooperation is likely what led the government to be willing to enter into an agreement with Mr. Oruche whereby he pled guilty to a lesser included offense, thereby reducing the mandatory minimum from ten years to five years. So, in effect, there is already built into where we find ourselves today some recognition and leniency by reason of that assistance and cooperation."). At no time during either his plea or sentencing hearing did Petitioner object to or contradict the terms of the Plea Agreement or the Government's characterization thereof, which does not contain a promise of a Section 5K1.1 letter or a Rule 35 motion.

Petitioner's second claim, that Mr. Di Chiara provided ineffective assistance of counsel by recommending that Petitioner plead guilty to offense conduct involving a drug quantity of ten

kilograms of heroin rather than five kilograms, also contradicts the record and Petitioner's sworn statements. The PSR states that the offense conduct involved ten kilograms of heroin. PSR ¶¶ 13, 18. The Court confirmed with Petitioner that he had reviewed the PSR. Sent. Tr. 13:24–14:8. Petitioner did not make any objections to the drug quantity or Sentencing Guidelines calculation stated in the PSR. *See* Sent Tr. 14:14–21; PSR ¶¶ 5, 11–13, 17–39, 70. Moreover, in response to the Court's open-ended question about the drug quantity of the offense at his plea, Petitioner stated, in his own words, that while the undercover agent had originally asked him to pick up only five kilograms of heroin, "on my way to New York it was upgraded to ten." Plea Tr. 40:11–14. At no point during his plea hearing did Petitioner dispute that his offense conduct involved ten kilograms of heroin. *See* Plea Tr. 43:3–25.

Further, Petitioner stated that he understood that the offense to which he was pleading guilty carried a mandatory minimum term of imprisonment of five years and that the appropriate Sentencing Guidelines range for his case was 121 to 151 months' imprisonment, which was based on a drug quantity of ten kilograms.[2] Plea Tr. 23:12–15, 31:1–7; Plea Agreement 1–3.

Accordingly, the Court rejects Petitioner's unsupported claims in his Section 2255 Petition, which directly contradict his sworn statements at the plea hearing, and finds that Petitioner has failed to establish ineffective assistance of counsel on this basis. *See United States v. Juncal*, 245 F.3d 166, 171 (2d Cir. 2001) (noting that defendant's testimony at a plea allocution "carries such a strong presumption of accuracy that a district court does not, absent a substantial reason to find

---

[2] Even if Petitioner had pled guilty to offense conduct involving five rather than ten kilograms of heroin, he would not necessarily have received a more favorable sentence. In Petitioner's case, such offense conduct would have carried a sentencing Guidelines range of 97 to 121 months' imprisonment. *See* U.S.S.G. §§ 2D1.1(a)(5), (c)(4). Therefore, the 90 months' sentence that the Court imposed is still below the Guidelines range that Petitioner insists he should have been sentenced within but for his counsel's ineffective assistance.

otherwise, abuse its discretion in discrediting later self-serving and contradictory testimony as to whether a plea was knowingly and intelligently made"); *see also Khan*, 2014 WL 2111677 at \*10

## III.   Petitioner's Ineffective Assistance Claims Fail Under *Strickland*

Even if the Court were to proceed to analyze Petitioner's ineffective assistance claims on the merits, neither of Petitioner's alleged charges of ineffective counsel meets the heavy burden articulated in *Strickland*.

### A.  Petitioner's First Claim Fails Under *Strickland*

Petitioner's first claim, that Mr. Di Chiara induced him to plead guilty involuntarily by promising that the Government would seek to reduce his sentence either by filing a Section 5K1.1 letter or moving under Rule 35, *see* Suppl. Mem. 1, is unsupported by the record.  "Claims by petitioners that their pleas were involuntarily made due to the erroneous advice or unrealized promises made by counsel 'afford an all to [sic] easy avenue for the invalidating of conviction on pleas of guilty.'"  *Cordero v. United States*, No. 04-CR-1353 (KMW), 2014 WL 12814373, at \*4 (S.D.N.Y. October 30, 2014) (quoting *Hernandez v. United States*, 839 F. Supp. 140, 143 (E.D.N.Y. 1993)).

Here, Petitioner affirmed at his plea hearing that he was voluntarily pleading guilty, that he understood the terms of the Plea Agreement and the Sentencing Guidelines that applied to him, that he had discussed the Plea Agreement and Sentencing Guidelines with his attorney, and that no one had made any promises to him other than those set forth in the Plea Agreement.  Plea Tr. 29:14–30:2, 34:6–19, 36:18–37:16, 44:17–19.  These statements indicate that Petitioner's guilty plea was not improperly induced by his attorney, but was made knowingly and voluntarily. Petitioner's sworn statements made at his plea allocution "carry a strong presumption of verity and constitute a formidable barrier in any subsequent collateral proceeding."  *Brown v. United States*,

637 F. Supp. 2d 212, 222 (S.D.N.Y. 2009) (internal quotation marks omitted). The Court is unpersuaded by Petitioner's allegations, which are contradicted by his own statements at both his plea and sentencing. *See Puglisi*, 586 F.3d at 214 (holding that, in a Section 2255 case, "a district court need not assume the credibility of factual assertions, as it would in civil cases, where the assertions are contradicted by the record in the underlying proceeding").

Further, Petitioner's assertions are contradicted by Mr. Di Chiara's sworn affidavit, in which Mr. Di Chiara states that he "never advised [Petitioner] that a Rule 35 application was an option/consideration and as a regular practitioner of the Southern District of New York it wouldn't make any sense to do so," explaining that such motions are rarely used or offered in this District. Di Chiara Aff. ¶ 5. Further, Petitioner's assertion that his counsel assured him that the Government would move to credit his *pre*-sentencing (and indeed, pre-plea) cooperation is illogical, because Rule 35 would not have applied to Petitioner's case since it is a mechanism to credit *post*-sentencing cooperation that amounts to substantial assistance. *See* Suppl. Mem. 1; Fed. R. Crim. P. 35(b)(1). The proper mechanism by which the Government recognizes a defendant's pre-sentencing cooperation is a Section 5K1.1 letter, which the Government explained it did not file in this case because Petitioner's attempted cooperation did not amount to substantial assistance. *See* Sent. Tr. 25:20–27:4 ("And so the government does recognize that all of this conduct, although not amounting to substantial assistance, and therefore not resulting in a cooperation agreement or a letter pursuant to Section 5K1.1 of the guidelines and 3553(e), is a mitigating factor."). Moreover, "[t]he decision whether to file a section 5K1.1 motion for a defendant's substantial assistance lies within the discretion of the government." *United States v. Brown*, 321 F.3d 347, 354 (2d Cir. 2003); *see also Ramirez v. United States*, No. 09 CIV. 4397 JGK, 2011 WL 1795145,

at *9 (S.D.N.Y. May 6, 2011) (noting that the Government has sole discretion in its decision to file a Section 5K1.1 letter).

Given the incredible nature of Petitioner's allegations and their inconsistency with the record, Mr. Di Chiara's sworn statements, and Petitioner's own sworn statements, the Court finds that Mr. Di Chiara's conduct did not fall below the objective standard of reasonableness required to provide effective assistance of counsel. *See United States v. Zubiate*, No. 18-CR-442 (AJN), 2022 WL 1294437, at *4 (S.D.N.Y. Apr. 29, 2022) (rejecting petitioner's assertion that his counsel encouraged him to reject a plea offer on the grounds that it was at odds with the record and petitioner's own statements); *see also Naranjo v. United States*, No. 13-CR-351 (JSR), 2021 WL 1063442, at *6 (S.D.N.Y. Feb. 26, 2021) (rejecting, without a hearing, petitioner's "unsupported assertions" of ineffective assistance as "starkly at odds with the more detailed affidavit of [his] attorney"), *report and recommendation adopted*, 2021 WL 1317232 (S.D.N.Y. Apr. 8, 2021); *Stitsky v. United States*, Nos. 15-CV-7889 (KMW), 06-CR-357 (KMV), 2018 WL 10741470, at *6 (S.D.N.Y. Oct. 35, 2019) ("Where, as here, a habeas court is faced with self-serving allegations that are contradicted by a credible affirmation [from] a trial attorney, it may choose to credit the attorney and dismiss the ineffective assistance of counsel claim without further hearings." (quoting *Castrillo v. Breslin*, No. 01 CIV.11284 GBD GWG, 2005 WL 2792399, at *14 (S.D.N.Y. Oct. 26, 2005))), *adhered to on reconsideration*, 2019 WL 1254566 (S.D.N.Y. Mar. 19, 2019).

Because Petitioner's first claim of ineffective assistance of counsel fails under the first prong of *Strickland*, the Court need not proceed to address the second prong. *See Ortiz*, 100 F.4th at 118; *see also Naranjo*, 2021 WL 1063442, at *6 ("On this record, the Court need not proceed to the second *Strickland* prong.").

B.  Petitioner's Second Claim Fails Under *Strickland*

Petitioner's second claim, that he received ineffective assistance of counsel because Mr. Di Chiara advised him to plead guilty to a charge that reflected ten kilograms of heroin, rather than five, also fails to meet the test under *Strickland*.  First, in response to the Court's open-ended question regarding the drug quantity of the offense, Petitioner admitted in his own words that while the undercover agent had originally asked him to pick up five kilograms of heroin, "on my way to New York it was upgraded to ten."  Plea Tr. 40:8–14.  After the Government repeatedly described Petitioner's offense as involving ten kilograms of heroin, Petitioner confirmed to the Court that he did not dispute any part of the Government's description.  Plea Tr. 43:3–25.  The ten kilogram drug quantity is also supported by other evidence in the record, including the sworn statement of DEA Special Agent Raymond McGrath, who swore in the Criminal Complaint that Petitioner agreed to "pick up ten kilograms of heroin" from an undercover agent.  Compl. ¶ 5(f).  Once Petitioner arrived at the location, the undercover agent confirmed that the bag contained ten kilograms of heroin and Petitioner accepted and attempted to leave with the bag.  Compl. ¶ 5(g).  At the plea hearing, the Government also stated that if the case proceeded to trial, it would present evidence including recorded phone calls, text messages, and law enforcement testimony which would "prov[e] beyond a reasonable doubt that in June of 2020, the defendant conspired to traffic in ten kilograms of heroin."  Plea Tr. 43:3–12.

Given the weight of the Government's evidence that the offense involved ten kilograms of heroin rather than five kilograms, Mr. Di Chiara's recommendation that Petitioner forgo an argument about the drug quantity was well within the scope of competent professional advice.  *See United States v. Best*, 219 F.3d 192, 201 (2d Cir. 2000) ("Counsel's election to forgo an unsupported argument" falls within "actions or omissions by counsel that might be considered

sound trial strategy [and] do not constitute ineffective assistance." (internal quotation marks omitted)); *see also Guzman v. United States*, 363 F. Supp. 3d 396, 400 (S.D.N.Y. 2019) (finding that petitioner could not satisfy the first prong of *Strickland* because he "never objected to the relevant drug quantities at his plea, to the Probation Office during the preparation of the Presentence Report, or at his sentencing proceeding," thus "[h]is sudden assertions to the contrary lack credibility"); *cf. Tapia*, 2024 WL 3219869, at *4 (noting that a sentencing court may consider evidence on the record to determine the drug quantity for sentencing purposes). Petitioner has therefore failed to meet the first prong of *Strickland* as to this argument for *habeas* relief.

As stated above, because Petitioner has not satisfied the first prong of the *Strickland* test with respect to his second claim for *habeas* relief, the Court need not reach the second prong as to this claim. *See Ortiz*, 100 F.4th at 118; *Naranjo*, 2021 WL 1063442, at *6.

## CONCLUSION

For the foregoing reasons, the Petition for *habeas* relief is DENIED in its entirety. Because Petitioner has not demonstrated a basis for the federal *habeas* relief he seeks under 28 U.S.C. § 2255, the Court DENIES Petitioner's motion to vacate his conviction. The Court declines to issue a certificate of appealability because Petitioner has not made a substantial showing of a denial of a constitutional right. *See* 28 U.S.C. § 2253; *Love v. McCray*, 413 F. 3d 192, 195 (2d Cir. 2005). The Court further certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this Order would not be taken in good faith and thus Petitioner may not proceed *in forma pauperis* for any such appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court respectfully is requested to enter judgment denying the *habeas* Petition and to close the case.

**SO ORDERED.**

Date:  **August 7, 2024**                                           _Mary Kay Vyskocil_
      **New York, NY**                            **MARY KAY VYSKOCIL**
                                       **United States District Judge**

15